UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JEREMY LEE MACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00131-JPH-MJD |
| | ) | |
| INDIANA DEPARTMENT OF CORRECTIONS, | ) | |
| PUTNAMVILLE CORRECTIONAL FACILITY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DIRECTING PLAINTIFF TO RESOLVE FILING FEE, DISMISSING COMPLAINT, AND DIRECTING FURTHER PROCEEDINGS**

Jeremy Mack, a prisoner at Putnamville Correctional Facility (PCF), has filed a civil rights complaint concerning his access to legal materials in prison. In this Order, the Court directs Mr. Mack to resolve the filing fee for this action, dismisses his complaint, and directs him to take further steps to avoid dismissal of this action.

**I. Filing Fee**

Mr. Mack shall have **through April 17, 2020**, to either pay the $400.00 filing fee for this action or demonstrate that he lacks the financial ability to do so by filing a motion for leave to proceed without the prepayment of the filing fee (*in forma pauperis*). If Mr. Mack seeks leave to proceed without prepaying the filing fee, his request must be accompanied by a copy of the transactions associated with his institution trust account for the six−month period preceding the filing of this action on March 6, 2020. The **clerk is directed** to include a form motion for leave to proceed *in forma pauperis* with Mr. Mack's copy of this Order.

1

## II. Screening of Complaint

Because Mr. Mack is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

### A. Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### B. The Complaint

The complaint names two defendants: the Indiana Department of Correction and PCF. Mr. Mack seeks $350,000 in damages and injunctive relief.

Mr. Mack alleges that he has not been able to access his legal materials in disciplinary restrictive housing and that this has prevented him from meeting a filing deadline in a different action. He also alleges that members of the prison staff failed to respond to his complaints about this issue in the manner required by prison policy.

Documents attached to the complaint show that Mr. Mack was ordered to pay an initial partial filing fee in case no. 2:19-00611-JPH-MJD by March 20, 2020. Dkt. 1-1 at 18. He requested that the prison staff remit payment for his initial partial filing fee on February 14, 2020. *Id.* at 15.

**C.     Discussion**

Mr. Mack's claims for damages against the IDOC must be **dismissed**. The Eleventh Amendment bars private lawsuits in federal court for money damages against a state that has not consented, *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005), and an agency of the state enjoys that same immunity, *Nuñez v. Ind. Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016).

Mr. Mack's claims against PCF must also be **dismissed**. PCF is a correctional facility—not a person or entity that can be sued. *See, e.g.*, *White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("As for the defendant prison, the Correctional Industrial Facility, a building is not a person capable of being sued under § 1983."); *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("[T]he district court was correct that, in listing the Knox County Jail as the sole defendant, Smith named a non-suable entity.").

More broadly, the complaint fails to state a plausible claim for relief—monetary or injunctive—against any defendant.

To the extent Mr. Mack alleges that he has been wrongly denied access to personal property, he has failed to allege a violation of a federal right. The Fourteenth Amendment's due process clause holds that no state may "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. However, "an adequate state remedy for a deprivation of property provides all the due process that a plaintiff suing state officers for such deprivation is entitled to." *DKCLM, Ltd. v. Cty. of Milwaukee*, 794 F.3d 713, 716 (7th Cir. 2015).

3

It is well settled that Indiana law and Indiana's courts provide an adequate remedy to Indiana prisoners asserting claims for deprivation of property. *E.g.*, *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010) ("To the extent that Watkins relies on the destruction of his personal legal materials, his complaint is better characterized as a deprivation of property claim, for which he may seek relief at state law.").

To the extent Mr. Mack alleges that the prison staff violated his rights by failing to comply with the prison grievance procedure, he has not alleged a violation of a federal right. "[T]he failure to follow a state's inmate grievance procedures is not a federal due-process violation." *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017).

Finally, to the extent Mr. Mack alleges that his First Amendment right to access the courts has been violated, he has not alleged facts sufficient to support such a claim. "[T]o satisfactorily state a claim for an infringement of the right of access, prisoners must also allege an actual injury." *In re Maxy*, 674 F.3d 658, 660 (7th Cir. 2012). "Speculative prejudice is not enough for an 'actual injury.'" *Hertel v. Miller-Lewis*, 695 F. App'x 957, 961 (7th Cir. 2017) (citing *Rossi v. City of Chicago*, 790 F.3d 729, 736 (7th Cir. 2015)). "[P]leading a denial-of-access claim . . . requires a prisoner to allege that the defendants deprived him of access to the courts *and* that he lost a potentially meritorious claim as a result." *Stathas v. Smith*, --- F. App'x ---, 2020 WL 916999, at *1 (7th Cir. Feb. 26, 2020) (slip op.) (citing *Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013)).

Mr. Mack alleges that he has not been able to pay the filing fee in case no. 2:19-00611-JPH-MJD, but the deadline to do so has not passed, and the case remains active. His allegations do not support an inference that he has lost a potentially meritorious claim. Mr. Mack has not stated a plausible claim that he has suffered an actual injury from being denied access to the courts.

4

### III. Conclusion and Further Proceedings

For the reasons set forth in Part II(C) above, Mr. Mack's complaint is **dismissed** for **failure to state a claim** upon which relief may be granted. He shall have **through April 17, 2020**, to file an amended complaint that resolves the deficiencies discussed in this Order or otherwise show cause why this action should not be dismissed. The amended complaint must include the case number associated with this action, no. 2:20-cv-00131-JPH-MJD. It will completely replace the original complaint, and it will be screened pursuant to § 1915A(b), so it must include all defendants, claims, and factual allegations Mr. Mack wishes to pursue in this action.

Mr. Mack shall also have **through April 20, 2020**, to pay the filing fee or move for leave to proceed *in forma pauperis* as directed in Part I. If Mr. Mack fails to comply with either order in the time provided, this action may be dismissed without further warning or opportunity to show cause.

The **clerk is directed** to include a form motion for leave to proceed *in forma pauperis* with Mr. Mack's copy of this Order. The **clerk is further directed** to docket the exhibits at dkt. 1-1, pp. 3–5 and 15, in case no. 2:19-00611-JPH-MJD as a response to the Entry at dkt. 8.

**SO ORDERED.**

Date: 3/12/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JEREMY LEE MACK
217503
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135